UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| David Goldhagen, | 2:14-cv-00672-JAD-GWF |
|---|---|
| Plaintiff, | |
| v. | **Order Denying Motion to Reopen Case** |
| Ventrum Energy Corp., et al., | [ECF No. 31] |
| Defendants | |

David Goldhagen filed this case on May 1, 2014. After defaults had been entered against all defendants and nearly seven months of inactivity, I notified Goldhagen, who is represented by counsel, that, unless he took some action to move the case forward by December 14, 2015, this case would be dismissed for want or prosecution.[1] Goldhagen took no action, so more than a month after that deadline expired, I dismissed this case without prejudice for want of prosecution under LR 41-1, which permits the court—with notice—to dismiss for want of prosecution any civil action that has been pending for more than 270 days without any activity.[2] Nine months after my dismissal order and more than a year and a half after Goldhagen had taken any action in this case, he moved to reopen the case.[3]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order,

---

[1] ECF No. 29.

[2] ECF No. 30.

[3] ECF No. 31.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

or failure to comply with local rules.[5]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]  Goldhagen points out that I did not address these factors in my dismissal order, particularly the availability of less drastic alternatives, and he argues that m silence is reason to set aside my dismissal order.  Though my previous order did not explicitly address these factors, I considered them when concluding that dismissal was a proper sanction, and I take this opportunity to expressly describe my analysis now.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weighed—and still weigh—in favor of dismissal.  Goldhagen had taken no action in this case in nearly 300 days when I dismissed it, nor did he otherwise respond to my October 7, 2015, order.  The third factor, risk of prejudice to defendants, also supported dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  Though defaults had been entered against the defendants, they should not be forced to defend grossly untimely motions for default judgments or have litigation lingering without action for months.  Indeed, defendants may have chosen not to appear or move to set aside the defaults against them based on Goldhagen's failure to prosecute this case or move for default judgments.

---

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Goldhagen contends that I did not consider the availability of less drastic sanctions. But a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[8] My October 7, 2015, order expressly warned Goldhagen that if he did not move this case forward, it would be dismissed. I waited nearly a month after that deadline passed with Goldhagen's continued inactivity to dismiss the case. The fact that Goldhagen waited nine months to move to reopen the case does not help his position. And the fourth factor—the public policy favoring disposition of cases on their merits—was and still is greatly outweighed by the factors favoring dismissal, particularly in light of Goldhagen's unreasonable delay both in prosecuting this case and moving to reopen it. Accordingly,

IT IS HEREBY ORDERED that Goldhagen's motion to reopen **[ECF No. 31] is DENIED**. This case remains closed.

Dated this March 9, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.